# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8196 | **DATE** | 12/2/2002 |
| **CASE TITLE** | Dulces Anahuac, S.A. vs. Salt of the Earth, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. For the reasons stated orally by this court on November 27, Dulces' Dkt. 39-1 motion for an award of damages: 1. Against Freriks is denied; 2. Against Salt is mooted by the entry of judgment; and 3. Against Crawford in denied, but without prejudice to its reassertion of Salt does not pay the judgment in full. Judgement is ordered to be entered in favor of Dulces and against Salt in the sum of $107,973.36.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 04 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 55 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | | |
| SN | courtroom deputy's initials | 02 DEC -3 PM 3:39 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DULCES ANAHUAC, S.A. de C.V., )
)
              Plaintiff, )
)
v. ) No. 01 C 8196
)
SALT OF THE EARTH, L.L.C., )
)
              Defendant. )

## JUDGMENT ORDER

For the reasons stated in open court during the September 17, October 2 and November 27, 2002 hearings relating to Plaintiff's Motion for a Rule To Show Cause Why Attorney David R. Freriks or Salt of the Earth, LLC Should Not Be Held in Civil Contempt, judgment is hereby ordered to be entered in favor of plaintiff Dulces Anahuac S.A. de C.V. and against defendant Salt of the Earth, LLC on both counts of plaintiff's Complaint. Damages are awarded in the amount of $107,973.36, together with the costs of this action. As explained in the contemporaneously issued memorandum order, this Court has expressly determined that there is no just reason for delay and has expressly directed the entry of judgment.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: December 2, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DULCES ANAHUAC, S.A. de C.V., )
)
 Plaintiff, )
)
v. ) No. 01 C 8196
)
SALT OF THE EARTH, L.L.C., )
)
 Defendant. )

DOCKETED
DEC 04 2002

MEMORANDUM ORDER

On the Dkt. 39-1 motion filed by Dulces Anahuac, S.A. ("Dulces")--a motion that sought a rule to show cause why attorney David Freriks ("Freriks"), Salt of the Earth, LLC ("Salt") and Grant Crawford ("Crawford") should not be held in civil contempt--this Court ruled orally on November 27, 2002 that the complained-of conduct on the part of Salt should appropriately give rise to a judgment in favor of Dulces and against Salt in the sum of $107,973.36 as claimed in Dulces' Complaint (that relief was acknowledged as "the most appropriate" at page 3 of the surreply filed by Salt's counsel on its behalf on November 18, 2002). This Court also then ruled, pursuant to Supreme Court authority (Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1 (1980)), that under the circumstances posed by this case the current entry of a Fed. R. Civ. P. ("Rule") 54(b) determination is entirely appropriate, leaving the counterclaim advanced by Salt pending while allowing Dulces to have an enforceable judgment in the interim. Those rulings are now being

embodied in a written judgment order.

In light of those rulings and for the reasons stated orally by this Court on November 27, Dulces' Dkt. 39-1 motion for an award of damages:

    1. against Freriks is denied;

    2. against Salt is mooted by the entry of judgment; and

    3. against Crawford is denied, but without prejudice to its reassertion if Salt does not pay the judgment in full.

Nothing in this memorandum order (and more specifically, nothing in the without-prejudice denial of the Dkt. 39-1 motion as to Crawford) is to be construed as a ruling on Dulces' further request for an award of attorneys' fees against Salt and Crawford, a matter that remains pending but whose pendency does not affect the finality of the substantive judgment against Sale (see Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988)).

                                       */s/ Milton I. Shadur*
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: December 2, 2002